IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CAROLINE A. JOHNSON,

    Plaintiff,

v.

VINOY PARK APARTMENTS
AT BEACH DRIVE LLC and
HUNTER WARFIELD, INC.,

    Defendants.

_____

Case No.

JURY TRIAL REQUESTED

## COMPLAINT

**COMES NOW** Plaintiff, CAROLINE A. JOHNSON (hereinafter, "Plaintiff"), by and through her undersigned counsel, and hereby sues Defendants, VINOY PARK APARTMENTS AT BEACH DRIVE LLC (hereinafter, "VINOY") and HUNTER WARFIELD, INC. (hereinafter, "HUNTER") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), wherein Defendants attempted to collect a consumer debt via US Mail and telephone, by sending collection letters and placing telephone calls directly to Plaintiff after Defendants knew Plaintiff was represented by counsel with respect to the alleged consumer debt.

### JURISDICTION, PARTIES, AND VENUE

2. This is an action for damages that exceeds $8,000.00, exclusive of attorneys' fees and costs.

3. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes,

Section 559.77 and the FDCPA.

4. At all material times herein, the conduct of Defendants, complained of below, occurs in Pinellas County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

6. At all material times herein, Defendants are Florida entities that do business in Pinellas County, Florida.

7. Plaintiff's cellular telephone number (hereinafter, "Plaintiff's Cell Phone") is (919-XXX-8696).

## FCCPA AND FDCPA STATUTORY STRUCTURE

8. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

9. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

10. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

2

11. For example, the FDCPA & FCCPA prohibits a creditor and debt collector from collecting consumer debt by communicating with the consumer after they have actual knowledge that the consumer is represented by an attorney with respect to the consumer debt. *See* Fla. Stat. § 559.72(18) 15 U.S.C. § 1692c(a)(2).

## GENERAL ALLEGATIONS

12. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and the FDCPA.

13. At all material times herein, Defendants are a "creditor" as defined by Florida Statutes, Section 559.55(5).

14. At all material times herein, Hunter is a "debt collector" as defined by the FDCPA.

15. At all material times herein, Defendants attempt to collect consumer debt, including but not limited to, an early, residential termination fee allegedly owed (hereinafter, the "Debt").

16. At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

17. At all material times herein, Defendants are a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

18. At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and the FDCPA.

19. At all material times herein, Defendants act itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20. All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## STATEMENT OF FACTS

21. On August 15, 2019, Plaintiff, through her counsel, Kopp Law, sent a letter (hereinafter, "Letter of Representation") to Vinoy terminating her lease and notifying Vinoy that Plaintiff was represented by counsel with respect to this Debt. A true and correct copy of the Letter of Representation is attached as Exhibit A.

22. As such, Vinoy had actual knowledge that Plaintiff was represented by counsel with respect to the Debt.

23. Soon thereafter, Vinoy hired Hunter in attempts to collect the Debt from Plaintiff.

24. In or around February 2020, Hunter placed a collection call to Plaintiff's Cell phone and attempted to collect the Debt.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(18)

Plaintiff re-alleges paragraphs one (1) through twenty-four (24) as if fully restated herein and further states as follows:

25. Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by communicating directly with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

26. Specifically, as noted above, Kopp Law informed Vinoy that they represented Plaintiff with respect to this Debt, yet Defendant still continued to attempt to collect the Debt indirectly from Plaintiff via Hunter.

27. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages

as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)

Plaintiff re-allege paragraphs one (1) through twenty-four (24) as if fully restated herein and further state as follows:

28.     Hunter is subject to, and violated the provisions of, United States Code, Section 1692c(a)(2) by communicating directly with a debtor if the debt collector knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

29.     Specifically, as noted above, Kopp Law informed Vinoy that they represented Plaintiff with respect to this Debt, yet Vinoy placed the debt with Hunter in attempts to collect the Debt directly from Plaintiff.

30.     As a direct and proximate result of Hunter's actions, Plaintiff sustained damages as defined by United States Code, Section 1692k.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demand that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**

5

**Jon P. Dubbeld, Esq., FBN 105869**
10460 Roosevelt Blvd. North
Suite 313
St. Petersburg, FL 33703
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
*Counsel for Plaintiff*

# Kopp Law P.A.
William J. ("Joe") Kopp, Jr.
360 Central Ave. Suite 1570 St. Petersburg, Florida 33701
kopplawpa@gmail.com | (727) 258-0058 | Fax (727) 258-0082

Date: August 15, 2019

To: Vinoy Park Apartments at Beach Drive LLC
c/o Palm Communities LLC as Agent
301 W. Platt St. #425
Tampa, FL 33606

**OFFICIAL**

Subj: NOTICE OF TERMINATION OF LEASE & DEMAND FOR RETURN OF DEPOSIT

Via: Certified Mail

Dear Vinoy Park Apartments at Beach Drive LLC,

1. I represent Ms. Caroline A. Johnson with regards to Early Termination of Lease for Cause.

2. Official Notice is hereby given that Ms. Johnson hereby terminates her current lease for the landlord's substantive violations of Florida Statute 83.51 and hereby exercises the remedies proscribed by law as per Florida Statutes 83.56 and 86.63.

3. This Termination frees Ms. Johnson from any liquidated damages provision of the leasing contract.

4. Furthermore, Ms. Johnson demands the prompt return of her security deposit of **$800.00**. Payment may be remitted to Ms. Johnson c/o Kopp Law PA, 360 Central Ave, Suite 1570, St. Petersburg, FL 33701.

5. The landlord is required to properly maintain the premises. The landlord failed to do so. The landlord violated Fla. Stat. 83.51 in the following manner:

    a. Landlord failed to maintain the premises in such a way as to prevent water damage to the interior ceiling.

    b. The roof was not properly maintained, not kept up to code.

    c. The interior of the ceiling was not kept up to code, in that the ceiling was not properly treated with water resistant material.

    d. Because the roof and ceiling were not properly kept up to code, the presence of mold was readily apparent.

    e. Ms. Johnson, and her pets, one dog and one cat, experienced respiratory issues, causing illness.

    f. Ms. Johnson's dog later died of these issues, causing Ms. Johnson great mental anguish and distress.

    g. When the ceiling collapsed, pieces of the ceiling fell onto Ms. Johnson, inflicting physical injuries upon her body, including her head, back, and shoulders.

    h. When the property manager inspected the damage, she made a statement with words to the effect of "these owners really need to replace this roof."

    i. There have been no tests made by the landlord to assess the air quality, nor any inspections for asbestos or mold.

    j. Although some repairs were made to the ceiling, it does not appear to be up to code.

    k. Furthermore, the electrical system in the apartment is not up to code.

6. The ceiling collapse is Casualty Damage.

7. Please understand that this letter constitutes Official Notice of Termination of Lease and Official Demand for Return of Security Deposit. Failure to remit the security deposit may subject the landlord to litigation for return of the security deposit, damages, costs, and attorneys' fees.

8. If you have any questions, please contact my office.

                                                    Sincerely,

                                                    William J. Kopp, Esq.